UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL THOMAS,                        :
                                       :CIVIL ACTION NO. 3:05-CV-907
     Plaintiff,                        :
                                       :(JUDGE CONABOY)
          v.                           :
                                       :
NATIONWIDE MUTUAL INSURANCE CO.,       :
SUE GEYER, CYNTHIA NILSEN,             :
BARBARA PASSANOSI, GARY HRICIK,        :
                                       :
     Defendants.                       :

**MEMORANDUM AND ORDER**

Defendants removed the above-captioned case from the Court of Common Pleas of Luzerne County, Pennsylvania, to this Court on May 3, 2005, based on diversity of citizenship. (Doc. 1.) They claimed that removal was proper because the non-diverse Defendants were fraudulently joined. (*Id.* at ¶ 7.) Two motions are currently pending before the Court: 1) Defendants' Motion to Dismiss Defendants Sue Geyer, Cynthia Nilsen, Barbara Passanosi, and Gary Hrick for Fraudulent Joinder and Motion to Dismiss Pursuant to Rule 12(b), (Doc. 2); and 2) Plaintiff's Motion to Remand, (Doc. 3).

Plaintiff filed a Motion to Remand, (Doc. 3), on May 13, 2005, asserting that all Defendants are properly named in this action and Defendants have not met their burden of demonstrating that the non-diverse Defendants were improperly joined. (*Id.* ¶¶ 10, 16.) Plaintiff filed a supporting brief with his motion, (Doc. 4), and Defendants filed a responsive brief, (Doc. 9). Plaintiff did not

1

file a reply brief and the time for such filing has passed. Therefore, this matter is ripe for disposition.

Defendants filed their Motion to Dismiss on May 9, 2005, asserting the following: 1) the individually named Defendants, all of whom are non-diverse, are fraudulently joined and should be dismissed; and 2) all but Counts I, II and III against Defendant Nationwide Mutual Insurance Co. ("Nationwide") should be dismissed for failure to state a claim. (Doc. 2.)  Defendants filed a supporting brief on May 23, 2005, (Doc. 8), Plaintiff filed a timely response, (Doc. 13), and Defendants filed a reply on June 24, 2005, (Doc. 14).  Therefore, this matter has been fully briefed and is ripe for disposition.

For the reasons discussed below, we grant Plaintiff's Motion to Remand, (Doc. 3), and dismiss Defendants' motion, (Doc. 2), for lack of jurisdiction.

## I. Background[1]

The event underlying the current action is an automobile accident which occurred on May 11, 1998, in Coal Township, Pennsylvania.  Plaintiff was a passenger in a vehicle owned by Michael Colleran, a Nationwide insured, and operated by Matthew Griffiths.  The other vehicle involved in the collision, operated by Steven J. Petrovich, allegedly was on the wrong side of the road

---

[1] The following background information is derived from Plaintiff's Complaint, (Doc. 1 Ex. A), and Defendants' Notice of Removal, (Doc. 1).

2

and collided head on with the Colleran vehicle.

Plaintiff alleges he sustained serious and permanent injuries in the collision.  He asserts that his injuries include psychological and cognitive deficits due to head trauma, post concussive syndrome, short term memory loss, depression, facial and head lacerations, facial scarring in the area of the left eyebrow, forehead and top of the head.

On May 20, 1998, Plaintiff - through counsel, John Nardone - filed an application for first party benefits from Defendant Nationwide.  On June 9, 2000, Plaintiff filed a Complaint against Steven M. Petrocich.  On November 20, 2003, Plaintiff, through counsel, served notice on Nationwide that Plaintiff intended to concurrently proceed with the action against Petrovich and an underinsured motorist claim.  During the relevant time period, the individually named Defendants were employees of Defendant Nationwide who were involved in handling and/or supervising either Plaintiff's first party benefits claim or his underinsured motorist claim.  The handling of Plaintiff's claims against Nationwide forms the basis of the current action.

Plaintiff filed the instant action in the Court of Common Pleas of Luzerne County, Pennsylvania, on April 1, 2005. Plaintiff's Complaint contains ten counts: 1) Breach of Contract; 2) Breach of Contract/Pennsylvania Motor Vehicle Financial Responsibility Act; 3) Bad Faith pursuant to 42 Pa. C.S.A. § 8371;

4) Unfair Trade Practices and Consumer Protection Law, 75 P.S. § 201-1; 5) Good Faith and Fair Dealing; 6) Breach of Fiduciary Duty; 7) Negligence; 8) Fraudulent Misrepresentation; 9) Abuse of Process; and 10) Vicarious Liability.  The first three counts are against Defendant Nationwide only; the remainder are against all Defendants.

As noted above, Defendants removed the case from the Court of Common Pleas to this Court on May 3, 2005, based on diversity of citizenship.  Defendants acknowledge that all Defendants other than Nationwide are citizens of the Commonwealth of Pennsylvania.  However, Defendants remove the case based on the assertion that Nationwide is the only proper Defendant, the others having been fraudulently joined.

## **II. Discussion**

Because we do not have jurisdiction over Defendant's Motion to Dismiss if Plaintiff's Motion to Remand is granted, we will first address Plaintiff's motion.

The Third Circuit Court of Appeals explained the standards to be applied when a district court considers a motion to remand based on a plaintiff's allegation of lack of diversity in *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992).

> A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction.  When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question

>the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.  But the removing party carries a heavy burden of persuasion in making this showing.  It is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.
>
>Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.  But if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court. . . .
>
>In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.  In so ruling, the district court must assume as true all factual allegations of the complaint.  It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.
>
>. . . [T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder.  Therefore, it is possible that the party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.
>
>. . . [A] standard by which to define whether a claim is legitimate in a jurisdictional analysis [is] whether a claim is wholly insubstantial and frivolous.

5

*Batoff*, 977 F.3d at 851-52 (citations and internal quotations omitted).

Here we conclude Defendants have not satisfied their burden of demonstrating that the non-diverse Defendants were fraudulently joined. While we find Defendants' arguments on some counts persuasive, Defendants have not met their burden on all counts.

Regarding Plaintiff's negligence claim, Defendants argue this claim is frivolous and insubstantial because the individually named Defendants owed no duty to Plaintiff pursuant to *Hudock v. Donegal Mutual Insurance Co.*, 264 A.2d 668 (Pa. 1970). Defendants maintain the Pennsylvania Supreme Court recognized in *Hudock* that "the duty of adjusters / employees / agents of an insurance company is to 'their principles, the insurance company, to perform whatever tasks were assigned to them.'" (Doc. 9 at 9 (*quoting Hudock*, 264 A.2d at 672).) Defendants then conclude "[a] determination that an insurance adjuster has a duty to the insured beyond its duty to the insurer would be contrary and irreconcilable with the conclusions reached in *Hudock*." (Doc. 9 at 9.)

We conclude Defendants' conclusory reliance on *Hudock* is not sufficient to meet their burden. In *Hudock*, the plaintiffs brought claims for breach of contract, including claims against insurance adjusters, seeking damages in excess of the policy limits and punitive damages. *Hudock*, 264 A.2d at 671. The court noted that

6

the basic defect of the plaintiffs' claim against the adjusters was the failure to establish a contractual relationship between the adjusters and the insured.  "Without such a relationship, it is impossible for the adjusters to be liable for breach of contract to the insureds."  *Id.* at 672.  *Hudock* concluded that the relationship between the adjusters and insurance companies could not create the required relationship: "The adjusters had a duty to their principals, the insurance companies, to perform whatever tasks were assigned to them, but this duty did not serve to create a contractual obligation between the adjusters and the appellants."  *Id.*

Seen in context, *Hudock* did not consider a tort cause of action or address the concept of duty except to eliminate it as a basis for establishing a contractual obligation in a *breach of contract* claim.  Without more, this holding cannot satisfy Defendants' heavy burden of establishing Plaintiff's *negligence* claim as frivolous.

With this finding, we cannot say that Defendant has provided the requisite showing that the individually named Defendants have been fraudulently joined.[2]  We need proceed no further with our

---

[2] Plaintiff has asserted that individual liability may attach for tortious conduct in Pennsylvania because Pennsylvania has adopted the "participation theory" of liability for corporate employees. (Doc. 4 at 11.)  Defendant asserts that this theory of liability applies only to corporate officers, citing *Wicks v. Milsoco Builders, Inc.*, 470 A.2d 86 (Pa. 1983).  (Doc. 14 at 3.)  We do not find Defendants' assertion persuasive.  First, *Wicks* did

analysis, because on this basis alone, we must grant Plaintiff's Motion to Remand, (Doc. 3).

Because we have concluded that remand is appropriate, we do not have jurisdiction to address Defendants' Motion to Dismiss, (Doc. 2), and this motion is properly dismissed.

### III. Conclusion

For the reasons discussed above, we grant Plaintiff's Motion to Remand, (Doc. 3), and remand this case to the Court of Common Pleas of Luzerne County.  We dismiss Defendants' Motion to Dismiss, (Doc. 2).  An appropriate Order follows.

    S/Richard P. Conaboy
    RICHARD P. CONABOY
    United States District Judge

DATED: August 15, 2005

---

not specifically limit its holding but rather was decided in the context of liability of a corporate officer.  Second, subsequent Pennsylvania cases have referred to the "participation theory" as applicable to an *agent* or officer of a corporation.  *See, e.g., Shoneberger v. Oswell*, 530 A.2d 112, 114 (Pa. 1987).

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
MICHAEL THOMAS,                         :
                                        :CIVIL ACTION NO. 3:05-CV-907
     Plaintiff,                         :
                                        :(JUDGE CONABOY)
         v.                             :
                                        :
NATIONWIDE MUTUAL INSURANCE CO.,        :
SUE GEYER, CYNTHIA NILSEN,              :
BARBARA PASSANOSI, GARY HRICIK,         :
                                        :
     Defendants.                        :
```
_____

**ORDER**

**AND NOW, THIS 15th DAY OF AUGUST 2005, FOR THE REASONS DISCUSSED ABOVE, THE FOLLOWING ORDER IS ENTERED:**

1. Plaintiff's Motion to Remand, (Doc. 3), is GRANTED;

2. Defendants' Motion to Dismiss, (Doc. 2), is DISMISSED for lack of jurisdiction;

3. This case is remanded to the Court of Common Pleas of Luzerne County, Pennsylvania;

4. The Clerk of Court is directed to close this case.

                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge